An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>DONALD WHITE A/K/A DONALD<br>LOUIS WHITE,<br>Respondent. | No. 60579 |

**FILED**

APR 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER VACATING AND REMANDING

Respondent Donald White, a convicted sex offender, violated lifetime supervision by missing his counseling sessions and testing positive for a controlled substance. The State charged White with a felony pursuant to NRS 213.1243.

In 2007, Nevada revised its sex offender statutes to comply with SORNA, a federal act that implements certain procedures to track sex offenders. Before the 2007 amendments, the provisions regarding the crime of violating lifetime supervision and the penalties for it were set forth in NRS 213.1243(3)-(5). 2007 Nev. Stat., ch. 418, § 5, at 1918-19. After the amendments, the violation was an automatic felony. Here, the alleged violation post-dates the 2007 amendments.

The ACLU sued in federal district court to enjoin implementation of the amendments, S.B. 471 and A.B. 579, 74th Leg. (Nev. 2007), and in 2008, the federal court issued an injunction against implementation. In the present case, the district court set aside White's conviction on the grounds that the federal court's 2008 injunction restrained enforcement of NRS 213.1243(8), precluding his conviction. The district court's order did not address White's exposure to charges under the preexisting statutory scheme. It also did not address whether,

13-11402

if NRS 213.1243(8) was not enjoined, the State should be precluded from pressing charges against White under that statute because of the positions taken by the Nevada Attorney General's Office and the Legislative Counsel Bureau that the statute's operation had been suspended.

In the federal case, the State of Nevada appealed the federal court injunction, and in 2012, the Ninth Circuit overturned the injunction as related to A.B. 579 and remanded the injunction over S.B. 471 to the federal district court. *ACLU of Nevada v. Masto*, 670 F.3d 1046 (9th Cir. 2012). In February 2013, the federal district court issued an order narrowing the scope of the injunction against S.B. 471. The 2013 order clarifies the scope of the injunction over NRS 213.1243(8), the statute under which White was charged.

In the instant appeal—which pre-dates the February 2013 order narrowing the injunction—the parties devote the majority of their efforts to arguing the scope of the 2008 injunction. Although White briefly raises constitutional and fairness concerns for lack of notice that his conduct could subject him to a felony charge, especially given the Legislative Counsel Bureau and Attorney General's Office opinions, these concerns were neither fully briefed to, nor decided by, the district court. These issues deserve development in the first instance in the district court. We therefore vacate the district court's order dismissing the conviction and remand to the district court to determine: (1) the effect of the 2013 order, which clarified the scope of the injunction; (2) White's liability under the pre-2008 statutory scheme if the amendments cannot be enforced against White; (3) the effect of the uncertainty, if any, of the law concerning NRS 213.1243(8) at the time White was charged and convicted; and (4) such other issues as the parties may raise on remand.

This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc: Hon. Jessie Elizabeth Walsh, District Judge
Attorney General/Carson City
Clark County District Attorney
Clark County Public Defender
Eighth District Court Clerk

